**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: August 1, 2020

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re: Kathleen Baylok Mason

Case No.: 19-23780

Judge: JNP

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original      ☐ Modified/Notice Required      Date: 8/2/21
☐ Motions Included   ☒ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: MWF      Initial Debtor: KLBM      Initial Co-Debtor: _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ __350.00__ per __month__ to the Chapter 13 Trustee, starting on __August 1, 2019__ for approximately __84__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):
Contribution to household expenses by other family members

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 1446 South 9th Street, Camden, NJ
Proposed date for completion: November, 2021

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4060.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| CCMUA | tax lien | $3500.00 | | $3,500.00 | |
| Ditech | mortgage | $9,000 post petition arrears | | $9,000.00 | $854.00 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

**Part 5:   Unsecured Claims** ☐ **NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☒ NONE**

**NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:  Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Mark W. Ford, Esquire
3) real estate taxes
4) _____

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:   Modification  ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 08/02/21

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| making an 84 month plan instead of 60 months.  Debtor has been adversely affected by COVID 19 | made plan 84 months instead of 60 months |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 08/02/21

/s/ Kathleen Baylock Mason
Debtor

Date: _____

Joint Debtor

Date: 08/02/21

/s/ Mark W. Ford, Esquire
Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:  
Kathleen L Baylock  
    Debtor

Case No. 19-23780-JNP  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 2  
Date Rcvd: Aug 06, 2021     Form ID: pdf901     Total Noticed: 23

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 08, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Kathleen L Baylock, 1446 S. 9th Street, Camden, NJ 08104-1544 |
| 518353869 | + | Aspen Mastercard, P.O. Box 105555, Atlanta, GA 30348-5555 |
| 518465743 | + | CAMDEN COUNTY MUA, 1645 FERRY AVE, CAMDEN NJ 08104-1311 |
| 518353870 | + | CCMUA, P.O. Box 1105, Bellmawr, NJ 08099-5105 |
| 518353871 | + | Cherry Hill Township Municipal Court, 820 Mercer Street, Cherry Hill, NJ 08002-2638 |
| 518353872 | + | City of Camden, 520 Market Street, Camden, NJ 08102-1399 |
| 518353874 | + | Deptford Township Municipal Court, 1011 Cooper Street, Woodbury, NJ 08096-3076 |
| 518361384 | + | Ditech Financial LLC, KML Law Group, P.C., 216 Haddon Avenue, Ste. 406, Westmont, NJ 08108-2812 |
| 518353875 | | Ditech Financial LLC, 100 Virginia Drive, #100, Fort Washington, PA |
| 518353876 | + | Midland Funding, c/o Pressler & Pressler, 7 Entin Road, Parsippany, NJ 07054-5020 |
| 519101170 | + | NewRez LLC, 130 Clinton Rd., #202, Fairfield, NJ 07004-2927 |
| 518797383 | | NewRez LLC d/b/a Shellpoint Mortgage Servicing, P.O. Box 10826, Greenville, SC 29603-0826 |
| 518797384 | | NewRez LLC d/b/a Shellpoint Mortgage Servicing, P.O. Box 10826, Greenville, SC 29603-0826, NewRez LLC d/b/a Shellpoint Mortgage Ser, P.O. Box 10826 Greenville, SC 29603-0826 |
| 518353879 | | PSE&G, PO Box 14444, New Brunswick, NJ 08906-4444 |
| 518353877 | + | Pennsauken Municipal Court, 2400 Bethel Avenue, Merchantville, NJ 08109-2791 |
| 518353880 | + | State of New Jersey Dept of Labor & Work, P.O. Box 951, Trenton, NJ 08625-0951 |
| 518353881 | | State of New Jersey Surcharge Violation, P.O.Box 4775, Trenton, NJ 08650-4775 |

TOTAL: 17

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Aug 06 2021 20:27:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Aug 06 2021 20:27:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 518353878 | | Email/Text: Bankruptcy.Notices@pnc.com | Aug 06 2021 20:27:00 | PNC Bank, PO Box 3180, Pittsburgh, PA 15230-3180 |
| 518373136 | + | Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | Aug 06 2021 20:34:58 | T Mobile/T-Mobile USA Inc, by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 518460083 | + | Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | Aug 06 2021 20:35:05 | Verizon, by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 518353882 | + | Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | Aug 06 2021 20:26:00 | Verizon, PO Box 4833, Trenton, NJ 08650-4833 |

TOTAL: 6

# BYPASSED RECIPIENTS

| District/off: 0312-1 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Aug 06, 2021 | Form ID: pdf901 | Total Noticed: 23 |

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 518353873 | *+ | City of Camden, 520 Market Street, Camden, NJ 08102-1399 |
| 518353883 | *+ | Verizon, PO Box 4833, Trenton, NJ 08650-4833 |
| 518475045 | ## | Ditech Financial LLC c/o, Ditech Financial LLC F/K/A Green Tree Se, PO Box 12740, Tempe AZ 85284-0046 |

TOTAL: 0 Undeliverable, 2 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 08, 2021         Signature:         /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 6, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Denise E. Carlon | on behalf of Creditor Ditech Financial LLC dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Harold N. Kaplan | on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing hkaplan@rasnj.com informationathnk@aol.com |
| Harold N. Kaplan | on behalf of Creditor Ditech Financial LLC hkaplan@rasnj.com informationathnk@aol.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| Isabel C. Balboa | on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| Kevin Gordon McDonald | on behalf of Creditor Ditech Financial LLC kmcdonald@kmllawgroup.com bkgroup@kmllawgroup.com |
| Mark W Ford | on behalf of Debtor Kathleen L Baylock markfordlaw@juno.com reginaperfetti1@gmail.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |
| William H. Clunn, III | on behalf of Trustee Isabel C. Balboa wclunn@standingtrustee.com |

TOTAL: 9